UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOEL SALGADO,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

No. 2:24-cv-322 (WJM)

OPINION AND ORDER
ON MOTION FOR
RECONSIDERATION

**WILLIAM J. MARTINI, U.S.D.J.**

Presently before the Court is Petitioner's motion for reconsideration of this Court's Opinion and Order denying habeas relief under 28 U.S.C. § 2255. ECF Nos. 22-24. For the reasons set forth below, the motion is **denied**.

I.   BACKGROUND

On October 26, 2021, Petitioner was convicted of (1) conspiracy to distribute and possess with intent to distribute heroin and fentanyl, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846 (Count I); and (2) distribution and possession with intent to distribute heroin and fentanyl resulting in serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Count II). *United States v. Salgado*, Crim. No. 19-659, ECF No. 94.[1] Petitioner was ultimately sentenced to 24 months imprisonment for Count I and 240 months for Count II, for a total of 264 months imprisonment. Crim. No. 19-659, ECF Nos. 112, 114. Petitioner moved for a judgment of acquittal, or, in the alternative, for a new trial under Rules 29 and 33 of the Federal Rules of Criminal Procedure. Crim. No. 19-659, ECF No. 100. This Court denied that motion. Crim. No. 19-659, ECF No. 106. Petitioner appealed his convictions, arguing that the Court erred by (1) denying his pretrial motion to suppress recordings of his prison calls, (2) admitting lay witness testimony in which a prison investigator opined on the coded nature of language used by Petitioner during the calls, and (3) denying Petitioner's motion for a new trial. Crim. No. 19-659, ECF No. 128-2. The Third Circuit rejected these claims and affirmed the judgment of this Court. *Id.* Petitioner, incarcerated and proceeding *pro se*, then moved to vacate, set aside, or correct his sentence pursuant to § 2255. ECF No. 3. This

---

[1] To find that Petitioner's distribution of heroin and fentanyl caused serious bodily injury to the victim, the jury had to determine that the victim experienced "a substantial risk of death [or] protracted loss or impairment of the function of a bodily member, organ, or mental faculty" as a direct result of Petitioner's drug distribution. 21 U.S.C. § 802(25)(A), (C).

1

Court denied the motion and declined to grant a certificate of appealability. ECF Nos. 22, 23. On February 3, 2025, Petitioner filed the instant motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 24.

## II. DISCUSSION

The scope of a motion for reconsideration is "extremely limited, and such motions should only be granted sparingly." *Gibbs v. Bartkowski*, No. 11-1137, 2018 WL 3201782, at *1 (D.N.J. June 29, 2018) (citing *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011)). A motion under Rule 59(e) may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone*, 664 F.3d at 415. Accordingly, a judgment may be altered or amended if the movant shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 667 (3d Cir. 1999). As relevant here, "manifest injustice" typically refers to situations where a court either failed to consider a crucial factual or legal issue that was brought before it, or made an error that is clear, obvious, and readily apparent. *Brown v. Zickefoose*, No. 11-3330, 2011 WL 5007829, at *2 n.3 (D.N.J. 2011).

In his motion for reconsideration, Petitioner claims that the Court overlooked relevant case law and record evidence that demonstrate, *inter alia*, that there is a scienter requirement attached to 21 U.S.C. § 802(25). *See* Pet. Mot. 2-6, ECF No. 24. That provision of the Controlled Substances Act is used to enhance penalties for certain drug-related offenses and defines "serious bodily injury" as injury involving "(A) a substantial risk of death; (B) protracted and obvious disfigurement; or (C) protracted loss or impairment of the function of a bodily member, organ, or mental faculty." 21 U.S.C. § 802(25). In its December 27, 2024 Opinion, the Court observed that the plain text of § 802(25) does not indicate any scienter requirement—neither does the related mandatory minimum sentence triggered under § 841(b)(1)(C). ECF No. 22. Now, Petitioner argues that the Court failed to consider purportedly relevant precedent—including *Ruan v. United States*, 597 U.S. 450, 142 S. Ct. 2370, 213 L. Ed. 2d 706 (2022)—that demonstrates that "the presumption of *mens rea* applies regardless of whether § 802(25) explicitly [indicates] that *mens rea* is required for the offense." Pet. Mot. 4. The Court did not overlook Petitioner's arguments or the cases he cited, but rather declined to engage in a detailed analysis of this particular claim. While *Ruan* impacted how mens rea is applied in certain Controlled Substances Act prosecutions, its holding does not extend to § 802(25).

Petitioner has also failed to cite controlling case law or present relevant evidence that his former counsel was ineffective for allegedly neglecting to raise the scienter argument or any other theory. Under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must demonstrate counsel's performance was constitutionally deficient—that the alleged errors committed were so egregious that the attorney failed to perform as "counsel" guaranteed by the Sixth Amendment. *Id.* at 687; *see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). Additionally, a petitioner must show that this deficient

2

performance prejudiced the defense, depriving him of a fair trial. Petitioner failed to meet either prong of *Strickland* and, in the instant motion, has not identified new or overlooked evidence to demonstrate ineffectiveness. The Court recognizes that *pro se* habeas petitions must be interpreted liberally and with some leniency. *See St. Fleur v. Ricci*, No. 10-0864, 2012 WL 194345, at *5 (D.N.J. Jan. 17, 2012) (citations omitted). However, a motion for reconsideration does not "provide parties with an opportunity for a second bite at the apple," and mere disagreement with the Court "will not suffice to show that the Court overlooked relevant facts or controlling law." *Souels v. United States*, No. 15-07563, 2018 WL 3496641, at *3 (D.N.J. July 19, 2018) (citations omitted). Reconsideration is thus unwarranted here, and Petitioner's motion is **denied**.

### III. CONCLUSION AND ORDER

For these reasons,

IT IS on this 28 day of May 2025,

**ORDERED** that Petitioner's motion for reconsideration (ECF No. 24) is **DENIED**.

WILLIAM J. MARTINI, U.S.D.J.

DATE: May 28, 2025

3